AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 0 6 2016

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| United States of America<br>v.<br>Daniel GRIEGO<br>XX/XX/XX85<br>XXX-XX-2758<br>*Defendant* | )<br>)<br>) Case No.<br>)<br>)<br>16 mj 2847 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __07/06/2016__ in the county of __Bernalillo__ in the _____ District of __New Mexico__, the defendant violated __Title 21__ U. S. C. § __841(b)(1)(C)__, an offense described as follows:

On 7/6/2016, Daniel GRIEGO possessed a controlled substance with intent to distribute, cocaine, in violation of 21 U.S.C. § 841(b)(1)(C), possession with intent to distribute cocaine.

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Russell Johnson, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __07/06/2016__

_____
*Judge's signature*

KAREN B. MOLZEN
U.S. MAGISTRATE JUDGE
*Printed name and title*

City and state: __Albuquerque, New Mexico__

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Russell Johnson, being duly sworn, hereby declare and state:

**I.     INTRODUCTION**

1. I am a Special Agent (SA) with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since November 13, 2005. I am presently assigned to the ATF Oxford Field Office in Oxford, Mississippi, and working on assignment in Oakland, California, and surrounding area. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I was trained as an ATF Special Agent at the Federal Law Enforcement Training Center in Glynco, Georgia.

2. As an ATF Special Agent, I have participated in federal investigations involving the distribution of controlled substances as well as federal firearms violations. During these investigations, I have participated in various types of investigative techniques, to include electronic surveillance, undercover agents and informants, and controlled purchases of firearms and narcotics from suspects. I have participated in physical surveillance operations and have participated in the execution of federal arrest and search warrants. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, as well as reviewing previous case files.

3. This affidavit is made in support of a criminal complaint and arrest warrant for Daniel GRIEGO, for violations of 21 U.S.C. § 841(b)(1)(C), possession with intent to distribute and distribution of cocaine.

4.  Because this affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of GRIEGO, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only those facts that I believe are necessary to support the lawful arrest of GRIEGO. The statements contained in this affidavit are based on information provided to me by law enforcement officers as well as my training, experience, and knowledge of this investigation.

**II.   PROBABLE CAUSE**

5.  On July 6, 2016, ATF received information from a cooperating source (CS) regarding an individual the CS knew as "POOCHIE," who was later identified as Daniel GRIEGO. The CS described GRIEGO as a hispanic male who sells a large amount of cocaine. The CS identified GRIEGO'S telephone number as 505-228-1411. On this same date, the CS called GRIEGO at the above-listed telephone number and ordered one-half (1/2) kilogram of cocaine, to which GRIEGO agreed to sell for $15,800. The CS and GRIEGO agreed to meet at a Hastings store, near the intersection of Montano Boulevard and Coors Boulevard.

6.  On this same date, ATF conducted an operation in which an undercover ATF Special Agent (UC/SA) accompanied the CS to meet GRIEGO to conduct the purchase of the one-half (1/2) kilogram of cocaine. Once the UC/SA and CS arrived, they encountered GRIEGO and another individual who arrived in their own vehicle. Once the UC/SA and CS observed GRIEGO and the other individual, the CS exited the UC/SA vehicle and walked to GRIEGO'S vehicle.

7.  According to the CS, GRIEGO handed him/her the one-half (1/2) kilogram of cocaine and the CS stated he/she would take it to the UC/SA for inspection and return with the $15,800. Once the CS returned to the UC/SA's vehicle, a prearranged arrest signal was given and

GRIEGO was arrested. The other individual was not arrested and eventually released. Following the operation, the cocaine was field tested and tested positive for the presence of cocaine and weighed approximately 507 grams.

### III.   CONCLUSION

9.   Based on my training and experience, and the foregoing facts, I believe that probable cause exists that Daniel GRIEGO, possessed a controlled substance with intent to distribute, cocaine, in violation of 21 U.S.C. § 841(b)(1)(C) possession with intent to distribute and distribution of methamphetamine. Under penalty of perjury, I swear that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
Russell Johnson, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

SWORN BEFORE ME
ON ___July 6_____, 2016.

_____
HONORABLE Karen Molzen
UNITED STATES MAGISTRATE JUDGE